■ DONALD A. INGRAM et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. EDWARD INGRAM, Respondent, v STATE OF NEW YORK, Appellant. (Claim Nos. 55190 and 55191.)—Cross appeals from an order of the Court of Claims, entered January 7, 1975, and appeal by the State from an order of the same court entered March 3, 1975. The present controversy arises out of the appropriation by the State on June 8, 1971 of property owned 50% by Edward Ingram and 50% by Donald, William and Michael Ingram. The major issues concern the effect of certain agreements and stipulations which were agreed upon in open court by the attorney for the State and counsel for the fee owners, wherein the parties stipulated to settle the claim for the sum of $115,000 "plus lawful interest". In September of 1971, the claimants executed agreements with the Commissioner of Transportation for advance payment of compensation, each calling for payment of $44,000. After forwarding to claimants in November, 1971 closing papers which required certain corrections, closing papers alleged to be in "final form" were sent on June 27, 1972, which claimants did not execute and return. The parties were unable to agree as to whether or not claimants were required to produce releases from H. I. Y. Motel Corp., a tenant, and from certain other lienors, and claimants contend (without denial by the State) that no advance payment was in fact made. When the impasse continued, claimants sought to have their claim resolved judicially, and their claim came on for trial on March 6, 1974. Prior to the introduction of evidence, the afore-mentioned stipulation was entered into in open court, and it was also stated that H. I. Y. Motel Corp. had agreed to discontinue its claim. Thereafter, according to the State, certain required documents were again forwarded to the claimants in April, 1974, but the claimants refused to execute and return them to the Attorney-General. These papers consist of general releases to the State for all claims of persons having an interest in the property and agreements of adjustments which the State contends must be entered into with the Commissioner of Transportation under subdivision 13 of section 30 of the Highway Law. Claimants' position is that they will not execute these releases until the total payment figure is specified, including the exact amount of interest to be paid. Claimants also object to statements allegedly contained in the documents which indicate that an advance payment was made when, according to claimants, it was in fact not made. Following this second impasse, the claimants moved on December 3, 1974, in the Court of Claims, for an order directing the State to pay $115,000 "plus lawful interest", as had been stipulated in open court. This motion was granted. The State appealed from this order and the claimants cross-appealed on the ground that the interest payable was still unclear. The claimants then moved for reargument of motion on the ground that the court, while granting their motion for an order directing the State to pay $115,000, had not provided for interest prior to the date of the order. The court then granted this motion and ordered that "judgment be entered against the State of New York in favor of claimants in the sum of $115,000 plus lawful interest to March 27th, 1974, and, in addition, lawful interest from April 27th, 1974 until the date of payment." The State appeals from this order. The State contends, *inter alia*, (1) that section 30 of the Highway Law and section 112 of the State Finance Law require that the oral settlement stipulation be embodied in an agreement of adjustment with the Commissioner of Transportation, approved by the Comptroller and filed in his office; (2) that there is no provision in the judgment to provide for discharge of two alleged outstanding mortgages against the property; (3) that the judgment makes no

specific provision for the suspension of interest despite provisions therefor in the agreements for advance payment executed by the claimants; (4) that the provision in the order for "lawful interest" is not clear; and (5) that the agreement in open court constituted an entirely new cause of action replacing the former claim, resulting in the accrual of interest from the date of the agreement in open court and not prior thereto as the claimant contends. It is apparent that the record before us is inadequate to permit a resolution of the issues involved. The State is entitled to have claimants execute and/or procure such documents as will establish claimants' title to the appropriated premises and release the State from exposure to liability to other parties who may have had an interest therein. On the other hand, the claimants are entitled to have specified the sums they will receive for interest before releasing the State from liability. The record, as previously noted, is not clear as to whether or not advance compensation was paid to the claimants, although it would seem that if such payment had been made, the State would be able to offer proof thereof. This question is important in determining interest due, both as to the principal sum on which interest would be payable, and as to any applicable period during which interest would be subject to suspension in accordance with provisions claimed by the State to have been contained in the advance payment agreements pursuant to subdivision 4 of section 19 of the Court of Claims Act, if such provisions are not rendered inoperative because of the alleged nonpayment. Also bearing on the proper determination of interest payment is the factual question of whether the stipulation intended to include any interest which had previously accrued, resulting in the accrual of interest from the date of the stipulation and not from the date of taking. Finally, the court should determine what releases, if any, are required to be procured or executed by claimants, taking into account, *inter alia*, the effect of the discontinuance of H. I. Y. Motel Corp.'s claim. The orders must, therefore, be vacated and the matter remitted to the Court of Claims for further clarification of these matters. Orders vacated, without costs, and matter remitted to Court of Claims for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.